IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PENNSYLVNIA NATIONAL MUTUAL )
CASUALTY INSURANCE COMPANY, )
                            )
    Plaintiff,              )
                            )
v.                          )    Case No.
                            )
WILD BUILDING CONTRACTORS, INC. )
                            )
    Defendant.              )

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Rule 57 of the *Federal Rules of Civil Procedure*, and 28 U.S.C. § 2201, Plaintiff, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), files this action against Defendant, Wild Building Contractors, Inc. ("Wild"), and requests a declaratory judgment in the following described matter:

### The Parties

1.  Penn National is a foreign insurance company licensed to do business in Tennessee.

2.  Wild Building Contractors, Inc. is a Tennessee corporation with its principal place of business located at 225 W. First North Street, Suite 102, Morristown, Tennessee.

### Jurisdiction and Venue

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a Pennsylvania corporation and Defendant is a Tennessee corporation.

4.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Under 28 U.S.C. § 1391, venue in this action is appropriate in Hamblen County, Tennessee, where Defendant resides.

## Averments of Fact Based on Counterclaim Asserted Against Wild

6. On November 20, 2007, Wild filed suit in the Chancery Court for Hamblen County, Tennessee, in a case styled *Wild Building Contractors, Inc. v. Jose P. Tan and wife, Leah N. Burgos-Tan et al.*, Case No. 2007-679. Thereafter, on July 8, 2008, Jose P. Tan and wife Leah N. Burgos-Tan filed a counterclaim ("Counterclaim") against Wild. A photocopy of the Complaint filed in Case No. 2007-679 as well as a photocopy of the Answer and Counterclaim asserted against Wild are attached as part of Collective Exhibit A.

7. In the Counterclaim filed against Wild, at ¶ 6 it is alleged that the Tans entered into a written contract with Wild on December 29, 2005, to provide general construction services and to otherwise improve property owned by the Tans at 5250 West Andrew Johnson Highway, Morristown, Tennessee, for a fixed price of $634,731.00. Paragraph 6 of the Counterclaim further alleges that pursuant to an addendum entered into December 29, 2005, the contract called for liquidated damages of $1,000.00 per day in the event the project was not completed by June 9, 2006.

8. Paragraph 7 of the Counterclaim alleges that Wild permitted construction costs to exceed the agreed-upon price.

9. Paragraphs 8 and 9 of the Counterclaim allege Wild was to construct a vault for storm water storage and control as part of the plans for the project. The Counterclaim further alleges that Wild represented to the Tans that the City rejected the plans for the vault and required an alternate water control plan in the form of a large holding pond to be constructed in

2

the rear of the building in place of the vault. The Tans further allege that the City had not rejected the vault plans but the change in plans was the result of Wild's desire to reduce construction costs. It is alleged that Wild used unfair and deceptive acts to induce the Tans to execute a change order regarding the vault.

10. The Counterclaim further alleges at ¶ 10 that much of Wild's work remained incomplete and/or uncorrected.

11. At ¶ 11 of the Counterclaim the large holding pond is alleged to have deprived the Tans of the use of a portion of their property and to have diminished its value.

12. Paragraphs 13 and 14 of the Counterclaim allege that there was a material breach of the contract by Wild; that liquidated damages are due in the amount of $160,000.00; that extra loan interest payments had to be made by the Tans of $26,584.44; that there have been construction cost overruns; and that defective work needs to be repaired and needs to be completed.

13. The Counterclaim alleges breach of contract, negligence and the violation of Tennessee Consumer Protection Act at T.C.A. §47-18-101 *et seq.*

## Policy Provisions

14. On January 1, 2007, Penn National issued a commercial lines policy to Wild under Policy No. CL9 0628222. Included as part of the policy was the Commercial General Liability Coverage Form (Form No. CG 00 01 001). The policy period was from January 1, 2007 to January 1, 2008.

15. The Commercial General Liability Coverage Form which is a part of the policy provides as follows in regard to coverage for bodily injury and property damage:

3

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \*

   b. The insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   \* \* \*

15. The policy further provides under **SECTION I – COVERAGES,** numerous exclusions the most relevant of which are set forth follows:

   2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

   \* \* \*

   j. **Damage To Property**

   "Property damage" to:

4

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

* * *

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

16. Under **Section V – Definitions** of the policy, terms relevant to the issue at hand are defined as follows:

   **8.** "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

5

**b.** You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by:

    **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.** Your fulfilling the terms of the contract or agreement.

          \*    \*    \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

          \*    \*    \*

**16.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

          \*    \*    \*

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

          \*    \*    \*

**17.** "Property damage" means:

6

      **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

17. Penn National avers that there is no "occurrence" alleged in the Counterclaim as that term is defined by the policy.

18. In the alternative, should this Court determine that an occurrence exists, Penn National avers that certain exclusions are applicable to preclude any duty to defend or coverage including, without limitation, the **Damage To Property** exclusion, the **Damage To Your Work** exclusion, and the **Damage to Impaired Property or Property Not Physically Injured** exclusion.

**PREMISES CONSIDERED**, Penn National requests:

1. That this Court judicially declare the insurance policy in question does not cover the losses alleged in the Counterclaim referred to above and that Penn National has no duty to defend or to indemnify Wild in connection with the averments of the Counterclasim.

2. That this cause be advanced upon the calendar of this Court pursuant to Rule 57 of the *Federal Rules of Civil Procedure*.

3. For such other relief as may be appropriate.

Respectfully submitted,

*David A. Zinn* (signature)

David S. Zinn                    #002896
Hooper, Zinn & McNamee PLLC
109 Westpark Drive, Suite 300
Brentwood, Tennessee 37027
615.661.5472

Attorney for unnamed Defendant,
Pennylvania National Mutual Casualty Insurance
Company

8